AO (Rev. 5/85) Criminal Complaint

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **CRIMINAL COMPLAINT** |
| vs. | |
| MICHAEL JANN | CASE NUMBER: 2:10-mj-/003-DNF |

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about April 27, 2009, in Lee County, in the Middle District of Florida, the defendant, Michael Jann, did knowingly and willfully possess with intent to distribute, a quantity of a mixture or substance containing a detectable amount of 1-Benzylpiperazine, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section(s) 841(a)(1) and 841(b)(1)(C).

I further state that I am a Special Agent with the U. S. Drug Enforcement Administration (DEA), and that this Complaint is based on the following facts:

SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof:  ☒ Yes   ☐ No

Signature of Complainant
Phil Muollo
U.S. Drug Enforcement Administration

Sworn to before me and subscribed in my presence,

January 5, 2010                                    at        Fort Myers, Florida

Douglas N. Frazier
United States Magistrate Judge
Name & Title of Judicial Officer                    Signature of Judicial Officer

CRIMINAL COMPLAINT AFFIDAVIT

I, Phil Muollo, am a Special Agent with the Drug Enforcement Administration (DEA) and have been so employed since May of 1987. Your affiant has completed Basic Agent Training at the Federal Bureau of Investigation Training Academy in Quantico, Virginia, which included the identification and investigation of controlled substances and removal of assets related to drug trafficking. Your affiant has participated in several hundred illegal narcotics investigations, been involved in the arrest of several hundred narcotics traffickers and has purchased illegal narcotics in an undercover capacity on several hundred occasions. Your affiant has also testified as an expert witness in the field of illegal narcotics investigations in several judicial districts, both state and federal. The following affidavit is based upon my personal knowledge or that provided to me by other DEA Special Agents, DEA Task Force Agents and/or officers assigned to the Lee County, Florida Sheriff's Office.

In April of 2009, your affiant received information from a DEA Cooperating Source (hereafter referred to as CS) who advised that Michael JANN is a distributor of MDMA (Ecstasy) in the Southwest Florida area. The CS advised that JANN obtains MDMA in the Detroit, Michigan area and transports it to Southwest Florida for further distribution.

On April 27, 2009, the CS made a recorded telephone call to JANN to arrange an MDMA purchase for later that day. JANN advised that he had brought 500 MDMA pills with him but only had 70 pills left. The CS and JANN made arrangements to meet later in the day to conduct the transaction.

Later the same day, the CS met with JANN in Fort Myers, Florida where the CS purchased 70 pills of suspected MDMA from JANN for $500 Official Government Funds (OGF). During the recorded conversation and purchase, JANN and the CS discussed larger MDMA transaction (500 to 1,000 units) when JANN would be able to supply the CS with it. The CS was searched prior to and after the transaction for contraband and/or extra monies which met with negative results.

The 70 pills were sent to the DEA Southeast Regional Laboratory in Miami, Florida for analysis. Laboratory analysis test results revealed the pills to be a total of 21 grams of 1-Benzylpiperazine, a Schedule I Controlled Substance.

On May 1, 2009, JANN was arrested by the Lee County Sheriff's Office for state MDMA charges and was incarcerated. The pills seized during JANN's May 1, 2009 arrest were similar in appearance to the pills purchased by the CS on April 27, 2009.

Several days after JANN's May 1, 2009 arrest, the CS was contacted by Robert KIRBY, an associate of JANN. KIRBY advised that he knew the CS was planning on another purchase with JANN and

that KIRBY was taking over the business while JANN was incarcerated.

The CS introduced your affiant to KIRBY in an undercover capacity and your affiant made several purchases of suspected MDMA from KIRBY in Florida and Michigan. Your affiant purchased a total of approximately 2,831 suspected MDMA pills from KIRBY from May 5, 2009 through July 8, 2009. Laboratory analysis of the pills purchased from KIRBY show that some were analyzed as N-Benzylpiperazine, and some as 3,4-Methylenedioxymethamphetamine Hydrochloride (MDMA).

On October 14 2009, KIRBY was arrested in Michigan on charges related to a home invasion and stolen firearms. Due to KIRBY's incarceration, your affiant contacted JANN who was recently released from prison.

On October 14, 2009, acting in an undercover capacity, your affiant met with JANN in Fort Myers to discuss future MDMA transactions since KIRBY was incarcerated in Michigan. JANN advised your affiant that all of the pills purchased from KIRBY while JANN was incarcerated belonged to JANN. JANN was able to describe various different types of pills and the logos stamped on them. JANN stated that JANN received some of the profits from KIRBY's MDMA sales to your affiant and JANN used the money help pay for his attorney. JANN and your affiant agreed to begin conducting MDMA transactions when JANN was able to supply them.

3

On November 12, 2009, your affiant and JANN arranged a 200 pill MDMA purchase to take place later that day. Your affiant met with JANN in Fort Myers where JANN gave your affiant 176 pills of suspected MDMA. JANN advised that there was supposed to be 200 pills, but it was short of that when JANN counted them. Your affiant and JANN agreed on a price of $1,250 for the purchase. Your affiant gave the $1,250 OGF to JANN and agreed to talk later to discuss future MDMA purchases. This meeting and purchase was recorded.

The exhibit was sent to the DEA Southeast Regional Laboratory in Miami, Florida for analysis, however, analysis has not been completed to date.

During December of 2009, your affiant and JANN had several conversations relative to a 2,500 pill MDMA purchase. JANN advised that his source of supply was currently in Florida from Michigan and was waiting in a hotel room for JANN and your affiant to complete the purchase.

On December 30, 2009, your affiant met with JANN and an associate (Joseph MROZ) of JANN's in Fort Myers, Florida. JANN gave your affiant a package of 6 different suspected MDMA pills and advised that they were representative samples of what his source could produce for the 2,500 units. JANN and your affiant agreed on a price of approximately $7.00 per pill ($17,500 total)



and your affiant advised that the deal would take place as soon as your affiant had the total amount of money for the purchase.

The six suspected MDMA pills were sent to the DEA Southeast Regional Laboratory in Miami, Florida for analysis, however, analysis has not been completed to date.

On January 4, 2010, your affiant and JANN agreed to conduct the 2,500 pill MDMA purchase. Your affiant arranged the purchase for a location in Fort Myers and JANN advised that the location was not good and switched the meeting place to a restaurant close to JANN's residence. Upon arriving, your affiant observed MROZ conducting counter-surveillance in the area. MROZ approached undercover surveillance police officers to determine their identity. JANN telephonically contacted your affiant numerous times and advised that the police were all around the area and that the deal would not take place.

JANN was then arrested at his residence and was advised of his Miranda Warnings by your affiant. JANN then told this affiant that he switched the location of the deal upon request of the source of supply and that MROZ then went to look around the area to make sure everything was alright. Once JANN and MROZ determined that there was police presence at the initial location, JANN terminated the transaction. JANN advised that his source of supply must have also been in the area because the source of

supply called JANN to advise him of his own observation of police presence.

Further affiant sayeth not.

_____
Phil Muollo, Special Agent

Drug Enforcement Administration (DEA)

_____
U.S. Magistrate Judge

Sworn to and subscribed before me on this 5th day of January, 2010.